IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BARRY NAKELL,                        )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )    1:04CV00820
                                     )    1:04CV01079
LINER YANKELEVITZ                    )
SUNSHINE & REGENSTREIF, LLP,         )
                                     )
        Defendant.                   )

## MEMORANDUM OPINION

BEATY, District Judge.

This matter is before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint [Document #6 in 1:04CV00820] and Plaintiff's Motion to Dismiss Counterclaims Pursuant to Rule 12(b)(6) [Document #4 in 1:04CV00820], as well as a corresponding Motion to Dismiss the Amended Complaint in the companion case [Document #17 in 1:04CV01079]. For the reasons discussed below, Plaintiff's Motion for Leave to File a Second Amended Complaint in 1:04CV00820 is GRANTED. Plaintiff's Motion to Dismiss Counterclaims in 1:04CV00820 is DENIED, and the corresponding Motion to Dismiss Amended Complaint in 1:04CV01079 is DENIED.

I.   BACKGROUND

This case involves a breach of contract action brought by Plaintiff Barry Nakell ("Nakell") against Defendant Liner Yankelevitz Sunshine & Regenstreif, LLP ("Liner

Yankelevitz"). In his Complaint and his proposed Amended Complaint, Nakell alleges that he and Liner Yankelevitz entered into a Fee Agreement (the "Retainer Agreement") pursuant to which Nakell agreed to act as local counsel for a class action lawsuit to be filed in North Carolina, in exchange for which Nakell would receive ten percent (10%) of any attorneys fees awarded in that litigation. This fee was subject to renegotiation in the event that Nakell rendered more services than were expected. Nakell alleges that he in fact rendered additional services, and that he and Liner Yankelevitz agreed to raise Nakell's fee to fifteen percent (15%). Nakell alleges that this raised fee was memorialized in a Settlement Agreement & Release ("Settlement Agreement"), which was signed by Liner Yankelevitz and Nakell on May 3, 2004. The agreement also provided that the funds would be paid to Nakell within five (5) days of receipt by Liner Yankelevitz. A final settlement agreement was subsequently reached in the class action litigation (the "Class Action Agreement"). The Class Action Agreement, which was approved by the state court on July 7, 2004, included an award of attorneys fees of $3,198,000.00. At Liner Yankelevitz's insistence, the agreement provided that the total amount of attorneys fees due to Nakell and Liner Yankelevitz as attorneys for the class would be paid solely to Liner Yankelevitz. Nakell agreed to the payment amount and signed the Class Action Agreement based on his understanding that Liner Yankelevitz would then pay him his fifteen percent (15%) share pursuant to the terms of their separate Retainer Agreement and Settlement Agreement. Nakell alleges that Liner Yankelevitz in fact received the payment of the attorney fees but has continued to refuse to pay Nakell any sum as required by the Settlement Agreement. As a result,

Nakell brought the present action for breach of contract. Nakell subsequently amended his Complaint to include a cause of action against Liner Yankelevitz for breach of fiduciary duty.

Nakell originally filed his Complaint in North Carolina Superior Court on August 10, 2004. The same day that Nakell filed his suit in North Carolina, Liner Yankelevitz filed a lawsuit against Nakell in the Superior Court in Los Angeles, California (the "California Action"). Liner Yankelevitz asserted the following claims against Nakell (1) rescission of the Retainer Agreement and the related provisions in the Settlement Agreement based on Nakell's breach of the agreements and/or fraudulent concealment of certain facts, (2) breach of fiduciary duty/constructive fraud, and (3) declaratory judgment regarding the validity of the Retainer Agreement and the related provisions in the Settlement Agreement. In the Complaint in the California action, Liner Yankelevitz alleged that Nakell had concealed certain facts about himself from Liner Yankelevitz, namely that Nakell had been involved in three shoplifting incidents, that he was fired from his job as a professor at the University of North Carolina School of Law because of one of these shoplifting incidents, and that he was subject to disciplinary proceedings before the North Carolina State Bar concerning these incidents. The ultimate result of the disciplinary problems involved suspension of his law license, although the suspension was stayed and Nakell had a valid law license during the time he was serving as local counsel for the class action litigation. In its Complaint in the California action, Liner Yankelevitz asserted that due to the concealment of the above facts, Nakell breached his fiduciary duty, committed constructive fraud, and committed a material and substantial breach of the Retainer Agreement

3

and Settlement Agreement that justified Liner Yankelevitz in rescinding both agreements. Nakell removed the California Action to the United States District Court for the Central District of California, and filed a motion to change venue to this Court, which Liner Yankelevitz did not oppose. As a result, the California District Court ordered the transfer of venue of the California Action to this Court, where it was filed as case number 1:04CV1079. Liner Yankelevitz had already removed the case brought by Nakell in state court, which is case number 1:04CV00820, to this Court. On March 24, 2005, this Court granted Liner Yankelevitz's unopposed motion to consolidate the two cases pursuant to Rule 42(a) because they involved common issues of law and fact.

Liner Yankelevitz subsequently filed an Answer to Nakell's Complaint in this action and asserted counterclaims that were identical to the claims previously asserted by Liner Yankelevitz in its Amended Complaint in the California action.[1] Thus, the claims involved in the two suits which have now been consolidated are Nakell's claims against Liner Yankelevitz for (1) breach of contract and (2) breach of fiduciary duty, and Liner Yankelevitz's counterclaims against Nakell for (1) rescission, (2) breach of fiduciary duty and/or constructive fraud, and (3) declaratory Judgment. The matter is before the court presently on Nakell's motion to dismiss Liner Yankelevitz's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1] The Court in this opinion specifically addresses Liner Yankelevitz's counterclaims and Nakell's Motion to Dismiss those counterclaims in case # 1:04CV00820. However, as discussed above, those counterclaims are identical to the claims raised by Liner Yankelevitz in its Amended Complaint in 1:04CV01079, which Nakell has also moved to dismiss. Therefore, the Court's analysis applies equally to both cases and the consideration of both motions to dismiss within the consolidated cases.

Nakell has also moved for leave to file a Second Amended Complaint adding new, additional claims against Liner Yankelevitz for fraud, breach of implied contract, unjust enrichment, and quantum meruit. As the basis for the new fraud claim, Nakell, in his proposed Second Amended Complaint, alleges that as early as May 4, 2004, Liner Yankelevitz decided that it would not honor the May 3, 2004 Settlement Agreement with Nakell. Nakell further alleges that Liner Yankelevitz did not disclose this decision to Nakell, in order to induce him to sign the Class Action Agreement, which provided that Liner Yankelevitz would receive the total sum of the attorneys fees due to both Nakell and Liner Yankelevitz. Nakell alleges that Liner Yankelevitz then wrongfully withheld from Nakell his share of the attorneys fees. In evaluating these pending motions, the Court will first address Nakell's Motion for Leave to File this Second Amended Complaint, and will then turn to Nakell's Motion to Dismiss Liner Yankelevitz's counterclaims.

## II. PLAINTIFF NAKELL'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Nakell first moves for leave to file a Second Amended Complaint, which would add causes of action against Liner Yankelevitz for fraud, breach of implied contract, unjust enrichment, and quantum meruit. These claims would be in addition to the claims for breach of contract and breach of fiduciary duty contained in Nakell's Amended Complaint [Document #1 in 1:04CV00820]. Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend the party's pleading . . . by leave of court . . . and leave shall be freely given when justice so

5

requires." Fed. R. Civ. P. 15(a). While the decision to grant a party leave to amend a pleading is within the sound discretion of the trial court, that discretion is limited by the general policy favoring the resolution of cases on the merits. See Island Creek Coal Co. v. Lake Shore, Inc., 832 F.2d 274, 279 (4th Cir. 1987). In exercising its discretion in resolving the question of whether to allow leave to amend, a court "should focus 'on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants.'" Id. (quoting Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)).

Liner Yankelevitz opposes the Motion to Amend, and notes that Nakell has already amended his Complaint once. Liner Yankelevitz further contends that the proposed amendment fails to plead a fraud claim with the particularity required by Federal Rule of Civil Procedure 9(b). Liner Yankelevitz also contends that the proposed amendment to add a cause of action for fraud should not be allowed because it would be futile. The Court will address these arguments in turn.

A.    Federal Rule of Civil Procedure 9(b)

Liner Yankelevitz argues that Nakell's proposed amendment for fraud should not be allowed because it does not contain the specificity required by Federal Rule of Civil Procedure 9(b). Nakell's fraud claim is based on Liner Yankelevitz's fraudulent *non-disclosure* of their decision not to honor the Settlement Agreement of May 3, 2004, and as such is more appropriately treated as a claim for fraudulent concealment. See Rosenthal v. Perkins, 42 N.C.

6

App. 449, 452, 257 S.E.2d 63, 66 (1979) ("In some circumstances concealment or nondisclosure may be considered as a positive misrepresentation and serve as a basis for actionable fraud.").

Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "Even in a case of fraudulent concealment or omission, a plaintiff must comply with the heightened pleading requirements of Fed. R. Civ. P. 9(b). . . . In order to comply with the pleading requirements of Rule 9(b) with respect to fraud by omission, a plaintiff usually will be required to allege the following with reasonable particularity: (1) the relationship or situation giving rise to the duty to speak, (2) the event or events triggering the duty to speak, and/or the general time period over which the relationship arose and the fraudulent conduct occurred, (3) the general content of the information that was withheld and the reason for its materiality, (4) the identity of those under a duty who failed to make such disclosures, (5) what those defendant(s) gained by withholding information, (6) why plaintiff's reliance on the omission was both reasonable and detrimental, and (7) the damages proximately flowing from such reliance." Breeden v. Richmond Community College, 171 F.R.D. 189, 195 (M.D.N.C. 1997); see also Chrysler Credit Corp. v. Whitney Nat'l Bank, 824 F. Supp. 587, 598 (E.D. La. 1993); Frank M. McDermott, Ltd. v. Moretz, 898 F.2d 418, 421 (4th Cir. 1990) (citations omitted).

Both Nakell and Liner Yankelevitz allege that they were in a fiduciary relationship. Nakell alleges that Liner Yankelevitz, and specifically Liner Yankelevitz attorney Randall J. Sunshine, induced Nakell to sign the Class Action Agreement by withholding its decision not

to honor the May 3, 2004 Settlement Agreement, which was material information in Nakell's decision to sign the Class Action Agreement. Nakell alleges that by withholding this information, Liner Yankelevitz wrongfully gained Nakell's share of the attorneys fees. Finally, Nakell alleges that he reasonably relied on the misrepresentation based on his belief that Liner Yankelevitz would in good faith keep its promise in the Settlement Agreement, and as a result was damaged in the amount of $479,700.00 plus interest. Based on these assertions, the Court concludes that Nakell has stated a claim for fraudulent concealment with the particularity required by Rule 9(b), and the Court therefore will not deny Plaintiff leave to amend on this basis.

B. Alleged Futility of Proposed Amendment

Liner Yankelevitz also argues that the Proposed Amendment to add a cause of action for fraud or fraudulent concealment should not be allowed because it would be futile. The elements of a traditional fraud claim in North Carolina, which a claim for fraudulent concealment must also meet, are (1) a false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with the intent to deceive, (4) resulting in damage to the injured party. See Hunter v. Guardian Life Ins. Co. of Am., 162 N.C. App. 477, 481, 593 S.E.2d 595, 598-99 (2004); McGahren v. Saenger, 118 N.C. App. 649, 654, 456 S.E.2d 852, 855 (1995); Ragsdale v. Kennedy, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974). Plaintiff must allege detrimental reliance, and damages proximately flowing from such reliance. See Frank M. McDermott, Ltd. v. Moretz, 898 F.2d 418 (4th Cir. 1990). In addition, in a claim for fraudulent concealment or nondisclosure,

8

the plaintiff must allege all the elements of fraud outlined above and "must additionally allege that all or some of the defendants had a duty to disclose material information to him as silence is fraudulent only when there is a duty to speak." Breeden, 171 F.R.D. at 194 (citing Griffin v. Wheeler-Leonard & Co., 290 N.C. 185, 198, 225 S.E.2d 557, 565 (1976)); see also Marlen C. Robb & Son Boatyard & Marina v. Vessel Bristol, 893 F. Supp. 526, 542 (E.D.N.C. 1994); Brickell v. Collins, 44 N.C. App. 707, 710, 262 S.E.2d 387, 389 (1980).

In this case, as noted above, Nakell and Liner Yankelevitz both allege the existence of a fiduciary relationship. Nakell has also alleged that Liner Yankelevitz's concealment of its decision not to honor the Settlement Agreement was reasonably calculated to deceive and was made with the intent to deceive Nakell by inducing him to sign the Class Action Agreement in justifiable reliance on Liner Yankelevitz's promise in the Settlement Agreement. Nakell also alleges that he detrimentally relied on this concealment and was damaged in the amount of $476,700.00. Thus, Nakell has pled all the requisite elements of fraudulent concealment under North Carolina law. To the extent that the proposed Second Amended Complaint contains all of the elements of a fraudulent concealment claim, the Court cannot find it to be futile so as to deny Nakell's Motion to Amend.

Having concluded that the proposed amendment satisfies the pleading requirements of Rule 9(b) and would not be futile, the Court notes as well that there has been no showing that any bad faith was involved or that any prejudice would result to Liner Yankelevitz from allowing

Nakell to amend his Complaint. For these reasons, Plaintiff Nakell's Motion for Leave to File a Second Amended Complaint [Document #6] will be allowed.

III.   NAKELL'S MOTION TO DISMISS LINER YANKELEVITZ'S COUNTERCLAIMS

Nakell has also filed a Motion to Dismiss the three counterclaims asserted by Liner Yankelevitz in this case. The first counterclaim asserted by Liner Yankelevitz is a claim for rescission of the Retainer Agreement and the Settlement Agreement (the "Agreements") based on alleged material breach of the Agreements and/or fraudulent concealment by Nakell. The second counterclaim is a claim for breach of fiduciary duty and/or constructive fraud. The third counterclaim is a request for a declaratory judgment with respect to the validity of the Agreements brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Nakell, in his Memorandum in Support of Motion to Dismiss Counterclaims, contends that Liner Yankelevitz's claims for recission and breach of fiduciary duty/constructive fraud should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Nakell has moved to dismiss only these first two counterclaims, and the declaratory judgment action is therefore not at issue in this motion. In analyzing Nakell's Motion to Dismiss, the Court will address in turn the motion to dismiss as to (1) Liner Yankelevitz's claims for recission of the Agreements based on material breach and/or fraudulent concealment by Nakell and (2) Liner Yankelevitz's claims for breach of fiduciary duty or constructive fraud against Nakell.[2]

---

[2] The Court notes that there is disagreement between the parties as to what jurisdiction's laws will govern this action. Nakell argues that North Carolina law should govern. Liner

A.   Standard of Review

With respect to a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, dismissals are allowed "only in very limited circumstances." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). In making this determination, a court must view the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded allegations. See T.G. Slater & Son v. Donald P. & Patricia A. Brennan LLC, 385 F.3d 836, 841 (4th Cir. 2004). Generally, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) (alteration in original) (internal quotations omitted); accord Conley v. Gibson 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957). Thus, the purpose of a motion to dismiss is to test the legal sufficiency of the complaint and not the facts that support it. See Neitzke v. Williams, 490 U.S. 319, 326-327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338

---

Yankelevitz, however, claims that the Retainer Agreement and Settlement Agreement contain enforceable choice-of-law clauses requiring that California law be used. Defendant has not presented the Agreements or any other evidence for the Court's review with respect to the choice-of-law issue. Therefore, at this preliminary stage, this Court does not have sufficient evidence before it to determine the applicable choice-of-law. However, as will be shown, the Court has considered all of the arguments raised by Nakell in support of his Motion to Dismiss pursuant to North Carolina law, and the Court has concluded that Liner Yankelevitz has adequately stated a claim under North Carolina law. To the extent that California law might apply, Nakell has presented no authority under California law for the dismissal of Liner Yankelevitz's counterclaims. Therefore, Nakell's Motion to Dismiss will be denied as discussed above, and the Court will not make any final determination as to the choice-of-law issue at the present time.

11

(1989). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989) (internal quotations omitted). Therefore, the Court will apply this standard in analyzing Nakell's Motion to Dismiss Liner Yankelevitz's counterclaims.

B.   Motion to Dismiss Liner Yankelevitz's Counterclaim for Recission

In his Motion to Dismiss, Nakell first argues that Liner Yankelevitz has failed to adequately plead a counterclaim for rescission based upon a material breach of the Agreements by Nakell. In support of his Motion to Dismiss, Nakell contends (1) that any alleged breach was not sufficiently material to justify recission, and (2) recission is not appropriate here because the parties cannot be returned to the position they occupied prior to entering the Agreements. The Court will consider each of these contentions in turn.

1.   Materiality of Alleged Breach

Nakell notes first that to justify recission of a contract, the breach of the contract must be so material as in effect to defeat the very terms of the contract. See Childress v. C. W. Myers Trading Post, Inc., 247 N.C. 150, 100 S.E.2d 391 (1957); Brannon v. Wood, 239 N.C. 112, 79 S.E.2d 256 (1953); Jenkins v. Myers, 209 N.C. 312, 183 S.E. 529 (1935). In his Motion to Dismiss, Nakell generally contends that Liner Yankelevitz has failed to meet this standard because any alleged breach of the two Agreements by Nakell was not material, even if it existed.

However, the Court notes that whether or not a breach occurred and, if so, whether it was material, would require a consideration of facts and evidence beyond the pleadings

12

themselves. See Combined Ins. Co. v. McDonald, 36 N.C. App. 179, 184, 243 S.E.2d 817, 820 (1978) (noting that whether a failure to perform a contractual obligation is so material as to discharge the other parties' performance is a question of fact for the jury or for the trial court without a jury); see also Opsahl v. Pinehurst, Inc., 81 N.C. App. 56, 344 S.E.2d 68 (1986) (remanding case to trial court to determine if breach was material). "Only when the terms of the contract as finally agreed upon have been ascertained and the breach or defaults in performance, if any, ascertained, and the nature and extent of those defaults determined can the court fix the rights and liabilities of the parties." Childress, 247 N.C. at 157, 100 S.E.2d at 396. Reviewing Liner Yankelevitz's pleadings at this stage of the litigation, the Court notes that Liner Yankelevitz has pled in its counterclaim that Nakell's "failure to disclose the material facts set forth above constituted a material and substantial breach of both the Retainer Agreement and the Settlement Agreement, and defeated the purpose of these agreements." (Answer and Countercl. ¶ 22). Thus, Liner Yankelevitz has alleged that Nakell's failure to disclose the facts surrounding the disciplinary proceedings against him constituted a material and substantial breach of both the Retainer Agreement and the Settlement Agreement, and defeated the purpose of those Agreements. At this stage in the litigation, the Agreements themselves are not before the Court, and the Court is considering only the allegations as contained in the pleadings. Here, Liner Yankelevitz has alleged a breach by Nakell and has alleged that the breach was material, which is an issue that cannot be resolved at the pleading stage. For that reason, the Court cannot say that Liner Yankelevitz has not, at this point, alleged sufficient facts to state a claim.

However, the Court notes that Liner Yankelevitz will ultimately be required to present evidence to establish that the alleged conduct by Nakell did in fact constitute a material breach of the Agreements. The Court concludes, however, that Liner Yankelevitz should not be denied the opportunity to develop and present evidence to support this allegation. Nakell, on the other hand, will have the opportunity to reassert his arguments concerning the immateriality of the alleged breach in subsequent dispositive motions. Therefore, Nakell's Motion to Dismiss on this basis will be denied.

   2.   Ability to Return to Pre-Contracting Positions

Nakell also contends that Liner Yankelevitz cannot state a claim for rescission because the parties cannot be returned to the status quo that existed at the time they entered into the Agreements. Nakell, however, cites no authority to support his contention that such a determination should be made at this point based solely on the pleadings. Indeed, the cases relied on by Nakell involved a determination based on evidence presented at trial. See, e.g., Whitley v. Whitley, 209 N.C. 25, 182 S.E. 658 (1935) (holding that the plaintiff was not entitled to rescission because, based on the evidence that was presented at trial, the plaintiff could not put the defendant in its prior position). However, at the pleading stage of the litigation when no evidence has been presented, such a determination cannot be properly made. Moreover, as Liner Yankelevitz points out, the general rule requiring a return to the *status quo ante* is not absolute. See, e.g., Lumsden v. Lawing, 107 N.C. App. 493, 503, 421 S.E.2d 594, 600 (1992). Therefore, the Court concludes that Liner Yankelevitz has stated sufficient allegations to assert a claim for

rescission, and any contentions regarding whether or not the parties can be returned to a pre-contracting position are more appropriately addressed after additional factual development by the parties, which has not yet occurred.

For all of the reasons discussed above, the Court concludes that Liner Yankelevitz has properly pled its counterclaim for rescission. Nakell's contentions as to the immateriality of the alleged breach and the inability to return to the *status quo ante* both involve consideration of evidence beyond the pleadings and are not appropriately resolved on a motion to dismiss made pursuant to Rule 12(b)(6). Accordingly, Nakell's motion to dismiss Liner Yankelevitz's counterclaim for rescission will be denied.[3]

C.     Motion to Dismiss Liner Yankelevitz's Claim for Breach of Fiduciary Duty and Constructive Fraud

Nakell next contends that Liner Yankelevitz has not stated a claim for either breach of fiduciary duty or constructive fraud because Liner Yankelevitz has failed to allege damages associated with either claim. Nakell further argues that Liner Yankelevitz's constructive fraud claim should be dismissed for failure to meet the heightened pleading requirements of Rule 9(b). The Court will consider each of these contentions in turn.

1.     Allegation of Damages

Nakell contends that Liner Yankelevitz does not state a claim for either breach of fiduciary duty or constructive fraud because Liner Yankelevitz fails to allege damages as to either

---

[3] In his Motion to Dismiss, Nakell does not address Liner Yankelevitz's attempt to bring a counterclaim for rescission based on alleged fraudulent concealment by Nakell. Therefore, the Court will not address that potential claim at this time.

claim. In response, Liner Yankelevitz argues that an allegation of damages is not necessary to assert a breach of fiduciary duty claim, and, in any case, that they have alleged damages for both breach of fiduciary duty and constructive fraud.

Under North Carolina law, to "state a claim for breach of fiduciary duty, a plaintiff must allege that a fiduciary relationship existed and that the fiduciary failed to act in good faith and with due regard to [plaintiff's] interests." Toomer v. Branch Banking & Trust Co., - N.C. App. -, 614 S.E.2d 328, 337 (2005) (internal quotations omitted). In addition, the North Carolina Court of Appeals has also indicated that an allegation of damages is required for a breach of fiduciary duty claim. See Dove v. Harvey, 168 N.C. App. 687, 608 S.E.2d 798, 801 (2005) (citing Piedmont Inst. of Pain Mgmt. v. Staton Found., 157 N.C. App. 577, 589, 581 S.E.3d 68, 76 (2003)).

In this case, Liner Yankelevitz asserts in its counterclaim that it was in a fiduciary relationship with Nakell, and that Nakell failed to act in good faith by withholding certain facts about himself. Moreover, to the extent that an allegation of damages is required, Liner Yankelevitz has alleged that the breach of fiduciary duty and constructive fraud by Nakell "was a direct and proximate cause of damage and injury to Liner." (Answer and Countercl. ¶ 32.) By these allegations, the Court finds that Liner Yankelevitz has asserted the necessary elements required for stating a claim of breach of fiduciary duty.

With respect to the constructive fraud claim, it is clear that under North Carolina law a claim for constructive fraud requires an allegation of damages and wrongful benefit. See White

v. Consol. Planning, Inc., 166 N.C. App. 283, 294, 603 S.E.2d 147, 156 (2004) (citing Sterner v. Penn, 159 N.C. App. 626, 631, 583 S.E.2d 670, 674 (2003)) (holding that a cause of action for constructive fraud must allege (1) a relationship of trust and confidence, (2) that the defendant took advantage of that position of trust in order to benefit himself, and (3) that plaintiff was, as a result, injured."). However, as noted above, Liner Yankelevitz pled that "the forgoing breach of fiduciary duty and constructive fraud by Nakell was a direct and proximate cause of damage and injury to Liner." (Answer and Countercl. ¶ 32.) Liner Yankelevitz also alleges that Nakell attempted "to extort additional monies once it appeared that a settlement would be memorialized in the North Carolina Action," and that "the Retainer Agreement and Settlement Agreement were detrimental to Liner." (Answer and Countercl. ¶¶ 28 & 30.) Thus, Liner Yankelevitz alleges that Nakell took advantage of Liner Yankelevitz in order to wrongly benefit himself, and that it was damaged thereby. Liner Yankelevitz only pleads very generally that it was damaged, and ultimately Liner Yankelevitz will have to present evidence to establish actual damages. The Court offers no opinion as to whether Liner Yankelevitz will be able to meet that test. However, the Court concludes that Liner Yankelevitz should be given the opportunity to produce evidence of damages due to the alleged breach. Therefore, Nakell's Motion to Dismiss on this basis will be denied.

   2.   Pleading of Constructive Fraud Claim in Accordance with Rule 9(b)

Nakell further argues that Liner Yankelevitz's constructive fraud claim should be dismissed for failure to meet the heightened pleading requirements of Federal Rule of Civil

Procedure 9(b). Because Rule 9(b) concerns federal procedure, it governs in civil actions where subject matter jurisdiction is based on diversity, such as the present action. See Hanna v. Plumer, 380 U.S. 460, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965). However, the law of the state in which the Court sits will control the content of the elements of the fraud claim. Id. The specificity of the allegations as required by state law affects the pleading requirements under Rule 9(b). "When the governing fraud law is less stringent than the traditional law of fraud. . . . the application of Rule 9(b) must be adjusted accordingly." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1297 at 72 (3d Ed. 2004). In North Carolina, "[t]he very nature of constructive fraud defies specific and concise allegations." Terry v. Terry, 302 N.C. 77, 85, 273 S.E.2d 674, 679 (1981). "Constructive fraud arises where a confidential or fiduciary relationship exists, and its proof is less 'exacting' than that required for actual fraud." Marketplace Antique Mall, Inc. v. Lewis, 163 N.C. App. 596, 599, 594 S.E.2d 121, 124 (2004) (internal quotation omitted).

Although Rule 9(b) requires that the requisite factual allegations be pled with particularity, this mandate "does not contradict the theory of notice pleading embraced by the Federal Rules in general, and Rule 8, in particular." Angell v. Kelly, 336 F. Supp. 2d 540, 549 (M.D.N.C. 2004) (internal quotation omitted). The Fourth Circuit has acknowledged this point by holding that courts "should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she

18

will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999).

In the instant case, Liner Yankelevitz's constructive fraud claim lists specific factual disclosures that Nakell failed to make, which Liner Yankelevitz contends amounts to constructive fraud based on the relationship between the parties. Given the nature of a constructive fraud claim under state law, the Court finds that Liner Yankelevitz has pled its constructive fraud claim in enough detail to make Nakell aware of the "particular circumstances" for which he will have to prepare a defense at trial. Accordingly, the Court finds that the requirements of Rule 9(b) have been satisfied with respect to the constructive fraud claim.

In sum, the Court concludes that Liner Yankelevitz has adequately stated its counterclaim for breach of fiduciary duty and constructive fraud, and Nakell's Motion to Dismiss this counterclaim pursuant to Rule 12(b)(6) will be denied.

V.    CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Leave to File a Second Amended Complaint [Document #6 in 1:04CV00820] is GRANTED. Plaintiff's Motion to Dismiss Counterclaims [Document #4 in 1:04CV00820] is DENIED, and his corresponding Motion to Dismiss in the companion case [Document #17 in 1:04CV01079] is likewise DENIED.

An Order consistent with this Memorandum Opinion has been entered in these consolidated cases.

This, the 7th day of October, 2005.

                                                      _____
                                                      United States District Judge